BLASINI, PLAINTIFF AND APPELLEE, *v.* COLÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of Ejectment.

No. 1468.—Decided July 13, 1916.

SURVEY—PLAN—PROCEDURE—EJECTMENT.—When it is not the purpose of the petitioner to obtain the formal establishment by the judge of a boundary line upon the ground after survey in accordance with the provisions of the Spanish Code of Civil Procedure, Title XV, "Surveys and Demarcations," but that a survey and plan of the property be made, pursuant to section

286 of the Code of Civil Procedure of 1904, as a preliminary step to bringing an action of ejectment, any resort by the trial judge to the old Spanish practice in order to supplement the procedure prescribed by said section 286 is entirely unnecessary and the refusal of the court to include in its order the provisions of the old law of civil procedure is not reversible error.

ID.—VIEW OF PREMISES—DISCRETION OF COURT.—Under the facts in this case the refusal of the trial judge to view the premises before issuing the order for the survey and plan was not an abuse of discretion.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for the appellant.

The appellee did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of Ponce, pursuant to a petition under section 286 of the Code of Civil Procedure, preliminary to a revindicatory action, ordered the survey of certain lands authorizing "the survey designated by the plaintiff, as well as the assistants he may need for the purpose, to enter upon the premises of the defendant, hereinafter described, whenever necessary for the survey and platting of the plaintiff's property, directing the defendant to permit the entry of said persons on the day set for that purpose, under warning of liability to punishment for contempt should he oppose the same."

Section 286, *supra,* in so far as pertinent, and section 287 of the Code of Civil Procedure, read as follows:

"Sec. 286.—Any person having a bona fide claim to the possession, title of, or interest in any real property or mining claim, including any ledges thereof, which is, or which he has good reason to believe is, in the possession of another, either by surface or underground holdings or workings, and it is necessary for the ascertainment, enforcement, or protection of such rights or interests, that an examination or survey of such property be had, and the person so in the possession thereof fails or refuses for three days after demand on him made in writing, to permit such examination or survey to be made, the party desiring the same may apply to the court or the judge thereof, whether he has an action concerning such property, pending in such court or not, for an order for such examination and survey.

"Such examination must be made upon written petition or state-

ment under oath, setting out a description of the property, interest of the party therein, that the premises are in the possession of a party, naming him, the reason why such survey or examination is asked, the demand made for the same, and the refusal thereof.

"The court or judge must appoint a time and place for the hearing, of which notice, with a copy of the petition, must be served upon the adverse party, at least three days before a hearing, and one additional day for each twenty-five miles between the place of service of notice and the hearing, and such hearing must be had and the testimony must be produced in the same manner as provided for hearings on injunctions.

"If, upon such hearing, the court or judge is satisfied that either party is entitled to any relief or order for the examination or survey of any property in the possession of the other, which has by the papers in the proceedings been put in controversy, an order must be granted for such examination, survey and such other privileges as the court or judge may deem just, and the order must specify as nearly as possible what the person in whose favor such order is granted may do.

"Thereupon, such person may have free access, with such agents and assistants as may be allowed, to all parts of such property, with right to remove any loose rock, débris, or other obstacle, when the same is necessary to the making of a full inspection or survey of such property, but no such removal must be made without the consent of the adverse party or the order of the court or judge permitting the same.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"Sec. 287.—The order must describe the property, and a copy thereof must be served on the owner or occupant; and thereupon such party may enter upon the property, with necessary surveyors and assistants, and make such survey and measurement; but if any unnecessary injury be done to the property, he is liable therefor."

Appellant insists that the trial court abused its discretion in refusing to view the premises before issuing the order; that the evidence does not support the order, and that the order does not sufficiently protect the rights of defendant in that it does not follow the procedure indicated in the Spanish Code of Civil Procedure, Title XV,—of "Surveys and Demarcations," alleged by appellant to be still in force, and especially articles 2062 to 2065 thereof, inclusive, (2061

to 2064 of the Law of Civil Procedure for Cuba and Porto Rico), which read as follows:

"Art. 2062.—The judge shall set a day and hour upon which the survey is to begin, notice being given long enough in advance so that all persons interested may be present, who shall previously be legally cited to appear.

"Unknown persons, and those whose residence is unknown, shall be cited by means of edicts which shall be posted in the customary places in the seat of the district, of the town in which the estate is situate, and of that in which the person cited lately resided.

"Art. 2063.—If the judge can not be present at the survey, he shall commission the municipal judge of the district in which the property is situate to be present.

"Art. 2064.—Neither the survey nor the demarcation shall be suspended, if the latter was requested, on account of the non-appearance of any of the owners of the adjoining estates, but they shall have the right to institute such declaratory action as may be proper, for such possession or ownership of which they may consider themselves to have been dispossessed by reason of said survey.

"Art. 2065.—The person who may have requested the survey, as well as the others present at the proceedings, may present the titles of their estates and make such claims as they consider proper, either in person or through an attorney appointed for the purpose.

"If one or more of the parties request it, experts appointed by themselves, or by the judge, who may be familiar with the land and who can furnish the information necessary for the survey, may be present thereat."

If this proceeding had been brought under Title XV of the Spanish Civil Code merely for the making of a survey and the fixing upon the ground of a boundary in the manner outlined therein, then the discussion and decision of the question as to whether or not the title referred to is still in force and effect would have been both proper and necessary; but that question is not involved in this case. There is not the remotest suggestion of any purpose or intention on the part of the petitioner to obtain the formal establishment by the judge of a boundary line upon the ground after survey without resort to an action, but, as stated at the outset, the

proceeding is expressly brought under section 286 of the Code of Civil Procedure as a preliminary step to the filing of a revindicatory action. In the circumstances, any resort by the trial judge to the old Spanish practice, in order to supplement the procedure prescribed by the new code adopted in 1904, was entirely unnecessary. It does not even appear that defendant made any request in the court below for the inclusion in the order of any such provision as he now claims should have been made for the protection of his rights; but, if he had so raised the point below and his request had been refused, such refusal on the part of the trial judge could not be regarded as reversible error in the case at bar, even if it be conceded for the purposes of argument that Title XV of the Spanish Code of Civil Procedure yet remains in full force and effect.

As to the other errors assigned, it will suffice to say that a careful examination of the whole record does not disclose either any such abuse of discretion on the part of the trial judge in declining to view the premises before issuing the order, or any such manifest error in weighing the evidence as would warrant a reversal.

The order appealed from must be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.